UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:11-cv-00204-MR-DLH

YOLANDA SILVA-CAMPOS.            )
                                 )
        Plaintiff,                )
                                 )
v.                               )        **ANSWER**
                                 )
SHELTON & SONS FARMS, INC.       )
and MAX T. SHELTON, JR.,         )
                                 )
        Defendants.               )
_____)

Defendants Shelton & Sons Farms, Inc. and Max T. Shelton, Jr. ("Defendants") answer the Complaint of Plaintiff Yolanda Silva-Campos ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. It is admitted that this action appears to include a claim related to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA," 29 U.S.C. §§ 1801, et seq. As to the remaining allegations in paragraph 1, they are denied.

2. It is admitted that Plaintiff appears to complain of an unlawful practice. As to the remaining allegations in paragraph 2, they are denied.

3. It is admitted that Plaintiff appears to seek damages, declaratory and injunctive relief. As to the remaining allegations in paragraph 3, they are denied.

1

## JURISDICTION

4. It is admitted that to the extent Plaintiff asserts a claim pursuant to the AWPA, jurisdiction is conferred.

5. It is admitted that to the extent Plaintiff asserts a claim giving rise to this Court's jurisdiction, declaratory relief can be granted pursuant to 28 U.S.C. §§ 2201-2202.

## VENUE

6. Defendants admit that the Western District of North Carolina can be an appropriate venue.

## PARTIES

7. It is admitted that Plaintiff was employed in agricultural labor of a seasonal nature. Defendants do not have sufficient information to form a belief as to whether Plaintiff is fluent only in the Spanish language. It is specifically denied that Plaintiff maintains a permanent residence in Mexico. It is also specifically denied that Plaintiff is a "migrant agricultural worker" within the meaning of the AWPA. As to the remaining allegations in paragraph 7, they are denied.

8. It is admitted that the Defendant Shelton & Sons Farms, Inc. is a closely held corporation with its principal place of business in Marshall, Madison County, North Carolina; that the company is engaged in the production of tomatoes for sale in interstate commerce; that the Company is an agricultural employer as alleged, and that Timothy K. Shelton is the registered agent for service of process as alleged. It is also admitted that the Company contracted for

labor during the 2008 harvest season. As to the remaining allegations in paragraph 8, they are denied.

9. It is admitted that defendant Max Shelton, Jr. is a resident of Marshall, Madison County, North Carolina; is one of the owners of the corporation and serves as its Assistant Treasurer; that he provided maintenance work at the packinghouse in Morristown, Tennessee; and that together with Terry Cantrell, he oversaw the management of the packinghouse. As to the remaining allegations in paragraph 9, they are denied.

## CLAIM FOR RELIEF

10. It is admitted that Plaintiff appears to seek damages, declaratory and injunctive relief. As to the remaining allegations in paragraph 10, they are denied.

11. It is admitted that Defendant Shelton & Sons entered into a contract with Menera Harvesting LLC as evidenced by a Labor and Employment Agreement attached hereto as Exhibit 1. To the extent that the allegations are consistent with the attached Labor and Employment Agreement, they are admitted. As to the remaining allegations, they are denied.

12. To the extent that the allegations are consistent with the attached Labor and Employment Agreement, they are admitted. It is further admitted that Menera was required to provide insurance coverage to the extent that it was required by law. As to the remaining allegations, they are denied.

13. It is admitted that pursuant to T.C.A. §50-6-106, Menera was not required to provide workers' compensation insurance coverage to the individuals

he furnished to the Defendants. As to the remaining allegations in paragraph 1, they are denied.

14. Upon information and belief the Plaintiff was hired to grade and pack tomatoes in the Defendants' Morristown, Tennessee, packinghouse. Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 14, and therefore the same are denied.

15. The allegations in paragraph 15 are denied.

16. Defendants do not have sufficient information to admit or deny the allegations in paragraph 16, and therefore the same are denied.

17. The allegations in paragraph 17 are denied.

18. It is admitted that Plaintiff commenced work in the Defendants' packinghouse under the terms and conditions provided to her. As to the remaining allegations in paragraph 18, they are denied.

19. It is admitted that contrary to the explicit instructions given to her, the Plaintiff negligently caused an injury to her fingers when she inserted her hand into the gears of the still-operating tomato sorting machine. As to the remaining allegations in paragraph 19, they are denied.

20. Upon information and belief, the allegations in paragraph 20 are denied.

21. It is admitted that pursuant to T.C.A. §50-6-106, Menera was not required to provide workers' compensation insurance coverage to the individuals he furnished to the Defendants and therefore the Plaintiff could be denied

4

indemnity benefits. As to the remaining allegations in paragraph 21, they are denied.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

## ADDITIONAL DEFENSES

### Limitation of Damages

Assuming that plaintiff has a viable claim as a third party beneficiary for breach of contract for failure to provide her with workers' compensation coverage, which the defendants specifically deny, plaintiff's sole remedy is what she would have recovered under the Tennessee Workers' Compensation Act, which is the exclusive and sole remedy to which she is entitled.

### Motion to Dismiss Individual Defendant

Defendant Max Shelton moves to dismiss the claims against him pursuant to Rule 12 (b) (2) of the Federal Rules of civil Procedure in that he is not an "employer" under the AWPA and therefore the Court lacks personal jurisdiction over him.

### Contributory Negligence

Assuming the Defendants were in some way negligent, which is specifically denied, the plaintiff contributed to her own injury when she violated the clear and unambiguous instructions provided to her by negligently inserting

her hand into the tomato sorting machine while it was still operating and as such she should recover nothing of the Defendant.

**WHEREFORE**, the Defendants pray that:

1. The plaintiff have and recover nothing of the defendants;

2. This action be dismissed;

3. For such other relief as the Court deems just and equitable.

4. That all issues of fact, if any, be determined by a jury.

This the 14th day of October, 2011.

**s/ Jonathan W. Yarbrough**
Jonathan W. Yarbrough
N.C. State Bar No. 21316
jyarbrough@constangy.com
**/s/ Michelle Rippon**
Michelle Rippon
NCSB No. 10018
mrippon@constangy.com
Constangy, Brooks & Smith, LLP
84 Peachtree Road, Suite 230
Asheville, NC 28803
(828) 277-5137
(828) 277-5138 (facsimile)

**/s/William C. Robinson**
William C. Robinson
NC State Bar No. 17584
srobinson@reslawfirm.net
**/s/W. Lewis Smith, Jr.**
W. Lewis Smith, Jr.
NC State Bar No. 9474
PO Box 36098
Charlotte, NC 28236-6098
lsmith@reslawfirm.net
(704) 343-0061
(704) 373-0290 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, I electronically filed Defendants' **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Robert J. Willis** (rwillis@rjwillis-law.com) and **Gregory S. Schell** (greg@floridalegal.org) and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

**/s/ Michelle Rippon**
Michelle Rippon
NCSB No. 10018
Constangy, Brooks & Smith, LLP
84 Peachtree Road, Suite 230
Asheville, NC  28803
Telephone:  (828) 277-5137
Facsimile:  (828) 277-5138
Email:  mrippon@constangy.com
