UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

_____
                                    )
**YOLANDA SILVA-CAMPOS,**           )
                                    )
       **Plaintiff,**           )
                                    )
**v.**                              )
                                    )
**SHELTON & SONS FARMS, INC.**      )
**and MAX T. SHELTON, JR.,**        )
                                    )
       **Defendants.**         )
_____)

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Yolanda Silva-Campos has moved to strike two of the Defendants' affirmative defenses, those relating to limitation of damages and contributory negligence. *See* Plaintiff's Motion to Strike Affirmative Defenses Alleged by Defendants (Docket Entry 16). This memorandum responds to the Defendants' arguments presented in opposition to the Plaintiff's motion. *See* Defendants' Brief in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry 19).

- 1 -

## I. The parties agree that the Plaintiff's damages for the Defendants' failure to provide worker's compensation insurance coverage are limited to the benefits she would have received had such <u>insurance coverage been provided.</u>

In the first "additional defense" set out in their Answer, the Defendants assert that "plaintiff's sole remedy is what she would recovered under the Tennessee Workers' Compensation Act, which is the exclusive and sole remedy to which she is entitled." *See* Answer (Docket Entry 12), at 5. The Defendants appeared to be suggesting that the Plaintiff's claims were not actionable in this Court and that her sole recourse was to seek relief through the Tennessee workers' compensation system.[1]

In their brief in opposition to the Plaintiff's motion (Docket Entry 19), the Defendants clarified their position. While implicitly conceding that the Plaintiff may seek relief for her work-related injury under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Defendants assert the "her damages would be indemnity that would have been provided by the Tennessee workers' compensation

---

[1] The Plaintiffs understood the affirmative defense as an effort to invoke the provisions of 29 U.S.C. §1854(d)(1), which limits farmworkers' recovery for bodily injuries to statutory damages in instances in which worker's compensation "coverage is provided for a migrant or seasonal agricultural worker." *See* 29 U.S.C. §1854(d)(1). By its terms, this limitation applies only in those instances in which worker's compensation insurance is actually provided. *See also Congressional Record*, October 13, 1995 at E1943 (remarks of Representative Goodling) (the provision applies "where workers' compensation insurance is secured under a State worker's compensation law for a migrant or seasonal agricultural worker.") The parties agree that no workers' compensation insurance was secured with regard to the Plaintiff's employment, thereby rendering the damages limitation of 29 U.S.C. §1854(d)(1) inapplicable in this case.

recovery scheme." *See* Defendants' Brief in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry 19), at 6.

The Plaintiffs agree with this formulation as it relates to her claim based on the Defendants failure to provide the workers' compensation insurance coverage promised to her at the time of her hiring. *See* Complaint (Docket Entry 1), at 6, ¶ 21. The actual damages under the AWPA for the Defendants' failure to provide workers' compensation insurance is indeed the benefits to which the Plaintiff would have been entitled had the such insurance been in place. *See Charles v. Burton*, 169 F.3d 1322, 1335 (11th Cir. 1999) (the actual damages under the AWPA for a defendant's failure to provide required insurance consist of the medical care and indemnity benefits to which the farmworker would have been entitled had the insurance been provided).[2]

**II.     The Defendants are barred as a matter of law from
asserting a contributory negligence defense to
the Plaintiff's claim that the Defendants violated
without justification their working arrangement
by failing to comply with applicable OSHA regulations.**

The Plaintiff contends that the Defendants failed to comply with safety standards under the Occupational Safety and Health Act ("OSHA") with regard to her workplace and, as a result, she suffered debilitating injuries. *See* Complaint (Docket Entry 1), at 5-6, ¶¶ 19 and 22. The Plaintiff alleges that compliance with these OSHA provisions was

---

[2] The Plaintiff's damages for the other alleged violations of the AWPA are not similarly limited. For those violations, the Plaintiff may recover the full amount of damages available to her under state tort law. *See Saintida v. Tyre*, 783 F.Supp. 1368, 1376 (S.D. Fla. 1992).

- 3 -

a term of the working arrangement under which she was hired, and the Defendants' failure to observe these regulatory requirements violated without justification this working arrangement, in violation of the AWPA, 29 U.S.C. §1822( c). *See* Complaint (Docket Entry 1) at 4-5, ¶¶ 16-17. In response, the Defendants contend that the Plaintiff is barred from recovery because of her own contributory negligence. *See* Answer (Docket Entry 12) at 5.

The Plaintiff moved to strike this defense, based on prior decisions from other North Carolina district courts that contributory negligence is a legally insufficient defense to AWPA claims. *See* Memorandum in Support of Plaintiff's Motion to Strike Affirmative Defenses Alleged by Defendants (Docket Entry 17), at 7-9. In response, the Defendants concede that contributory negligence is not a defense to "a federal AWPA cause of action" but argues that it is available to the Plaintiff's claims "[t]o the extent that the Plaintiff's Complaint alleges a common law cause of action against defendants." *See* Defendants' Brief in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry 19), at 8.

The Defendants misconstrue the Plaintiff's claims involving the Defendants' alleged failure to comply with OSHA safety standards. Had the Plaintiff been asserting a common law negligence claim, the Defendants would be free to assert a contributory negligence defense. However, the Plaintiff's claim arises under the working arrangement provisions of the AWPA, not under common law.

Under the AWPA, agricultural employers are prohibited from violating without justification the working arrangements they make with migrant or seasonal agricultural

workers.  *See* 29 U.S.C. §§1822(c) and 1832(c).  "In essence, the AWPA established a 'statutory contract' for farmworkers."  *Villalobos v. Vasquez-Campbell*, 1991 WL 311902 at *8 (W.D. Tex. November 15, 1991).   The Plaintiff contends that her working arrangement with the defendants necessarily incorporate applicable OSHA safety standards and by failing to observe these provisions, the Defendants violated the working arrangement.  *See* Complaint (Docket Entry 1) at 5-6, ¶¶ 16, 17 and 22.

 Like any other contract, contractual working arrangements under the AWPA incorporate existing laws, including valid regulations.  *See General Motors Corp. v. Romein*, 503 U.S. 181, 188 (1992) ("the laws which subsist at the time and place of the making of a contract…enter into and form a part of it."); *General Electric Co. v. Moretz*, 270 F.2d 780, 787 (4th Cir. 1959) ("It is settled that relevant statutes and regulations existing at the time a contract is made become part of it and must be read into it just as if they were expressly referred to or incorporated in its terms"); *Rehart v. Clark*, 448 F.2d 170, 173 (9th Cir. 1971) ("It is well settled that existing laws are read into contracts in order to fix the rights and obligations of the parties").   Based on this principle, a number of federal courts have held that the working arrangement provisions of the AWPA incorporate other federal laws.  *See Elizondo v. Podgoriak*, 70 F.Supp.2d 459, 463 (E.D. Mich. 1999) ("the term 'working arrangement' includes those aspects of the working arrangement that are required by law….[OSHA regulation] 29 C.F.R. § 1928.110( c)…requires that agricultural.. [employers] provide water for drinking and handwashing in the field.  These requirements are a mandatory term of the 'working arrangement' Defendants had with Plaintiffs"); *Donaldson v. U.S. department of Labor*, 930 F.2d 339,

- 5 -

Case 1:11-cv-00204-MR  -DLH   Document 22    Filed 12/05/11   Page 5 of 8

350 (4th Cir. 1991) ("While the effect of allowing such claims…is to incorporate into §§ 1822 and 1832 of [AWPA] the substantive obligations imposed upon agricultural employers by relevant provisions of Wagner-Peyser [Act} and [Immigration and Nationality Act] and their implementing regulations, we are satisfied that this is necessarily contemplated.."); *Denis v. New Hope Sugar Co.*, 1987 WL 45142 at *1 (S.D. Fla. ) (AWPA working arrangements "include[] protection against violation by employers of rights secured by other federal statutes").

Because the AWPA's working arrangement provisions incorporate the applicable OSHA safety regulations and the "Defendants concede that contributory negligence is not a defense to a federal AWPA cause of action," the Court should strike the Defendants' contributory negligence defense to the Plaintiff's AWPA claims.

- 6 -

Case 1:11-cv-00204-MR -DLH   Document 22   Filed 12/05/11   Page 6 of 8

Respectfully submitted,


*/s/ Robert J. Willis*
Robert J. Willis
(mailing address)
Post Office Box 1269
Raleigh, North Carolina  27602
Telephone:   (919) 821-9031
Facsimile:   (919) 821-1763
e-mail:         rwillis@rjwillis-law.com

(street address)
5 West Hargett Street
Suite 104
Raleigh, North Carolina  27601


Gregory S. Schell
MIGRANT FARMWORKER JUSTICE
           PROJECT
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Telephone:   (561) 582-3921
Facsimile:   (561) 582-4884
e-mail:         Greg@Floridalegal.Org


Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Michelle Rippon, Jonathan W. Yarbrough, William C. Robinson and Walter L. Smith, Jr.

/s/ *Robert J. Willis*
Robert J. Willis
(mailing address)
Post Office Box 1269
Raleigh, North Carolina 27602
Telephone: (919) 821-9031
Facsimile: (919) 821-1763
e-mail: rwillis@rjwillis-law.com

(street address)
5 West Hargett Street
Suite 104
Raleigh, North Carolina 27601