

FILED
ASHEVILLE, NC
JUN 21 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| YOLANDA SILVA-CAMPOS, <br><br> Plaintiff, <br><br> vs. <br><br> SHELTON & SONS FARMS, INC. and MAX T. SHELTON, JR., <br><br> Defendants. | Civil Action No: 1:11 CV 204 |

## CONSENT JUDGMENT AND CONSENT ORDER

This is an action brought pursuant to the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., and the common law of contracts. Plaintiff alleges that the defendants jointly and severally regularly employed her in the defendants' tomato processing, grading, and packing operations in east Tennessee in 2008 as part of their enterprise engaged in interstate commerce. The Plaintiff alleges that she suffered damages as a proximate result of the defendants' denial of the benefits of the disclosure and working arrangement provisions of the AWPA. In addition, the Plaintiff also sought damages for personal injuries she sustained on or about September 9, 2008 as the alleged third party beneficiary of a contract between the defendants and the farm labor contractor who furnished her to the defendants for her work in east Tennessee in 2008.

Among the defendants named in the plaintiff's Complaint are Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. During at least 2008, Mr. Shelton

1

and the closely held corporation, Shelton Farms, engaged in tomato processing, grading, and packing operations in east Tennessee in 2008 as part of their enterprise engaged in interstate commerce. During that same time period, Shelton Farms and Mr. Shelton had and continue to have their principal place of business in Madison County, North Carolina.

The allegations of the complaint essentially allege that the defendants violated the rights of the plaintiff under the AWPA and the common law of North Carolina in a number of different ways. Those alleged ways included the failure to disclose all the terms and conditions of the plaintiff's employment in the manner required by 29 U.S.C. § 1821(a), and violating, without justification, the working arrangement that the defendants had with the plaintiff that the defendants would comply with all OSHA safety requirements in their employment of the plaintiff. They also included the defendants' alleged deprivation of the plaintiff's alleged right as the intended third party beneficiary of the contract between the defendants and the farm labor contractor who furnished her to work for the defendants in 2008 which called for that farm labor contractor to provide workers' compensation insurance for those workers, including the plaintiff, whom the farm labor contractor furnished to the defendants in 2008.

The defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. have at all times denied, and continue to deny, any violation of the AWPA and the common law of North Carolina regarding plaintiff's alleged status as a third party beneficiary of the contract that the defendants had with the farm labor contractor who furnished the plaintiff to the defendants in 2008. In addition, nothing in this consent order or in the settlement of this action should be construed as an admission or finding of any

violation of the Act or wrongdoing of any kind or nature by these same defendants, and that therefore, upon the date that final payment is made and all other actions specified in this Consent Order are taken in compliance with its terms, defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr., and any corporations owned by one or more of those same defendants shall be fully released and forever discharged from any and all claims, demands, charges, complaints, rights, and causes of action by the plaintiffs that arise or may arise against defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. under the AWPA, and the common law of North Carolina for the period from January 1, 2008 through the date that this Court enters this consent order.

The plaintiff and defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. have decided to enter into this consent order and to settle the plaintiff's claims and potential claims against defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. in this case in an effort to avoid further protracted and costly litigation. To that end, the plaintiff and defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. have mutually stipulated to the entry of this Consent Order, and the Court, therefore, upon consideration of the record herein and being fully advised of the premises,

ORDERS and DECREES:

(1) By consent of the plaintiff Yolanda Silva-Campos and defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr., as demonstrated by their signatures below, the terms of this Consent Order shall be subject to enforcement by any person(s) who would receive any benefit from a full and complete execution of its terms pursuant to Rule 70, Fed.R.Civ.P.

(2) Defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. are and shall be jointly severally liable and are hereby ORDERED to jointly and severally pay the plaintiff or the plaintiff's counsel a total of one hundred and twenty-one thousand dollars ($121,000.00) pursuant to the following payment schedule:

(A) Within twenty-one (21) days after the date that the Court files this Consent Order, defendants shall pay a total of $25,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(B) Within twenty-one (21) days after the first annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(C) Within twenty-one (21) days after the second annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part

of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(D)  Within twenty-one (21) days after the third annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(E)  Within twenty-one (21) days after the fourth annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(F)  Within twenty-one (21) days after the fifth annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos;

(G) Within twenty-one (21) days after the sixth annual anniversary date that the Court files this Consent Order, defendants shall make an additional payment of $16,000.00 to Robert J. Willis, Attorney at Law, in trust for payment to Yolanda Silva-Campos and Robert J. Willis pursuant to the terms of the written retainer agreement between the plaintiff and Mr. Willis. Of that amount 33 1/3% shall be retained by Mr. Willis as part of his attorney's fee and costs in this action, and the remainder paid by Mr. Willis to the plaintiff Yolanda Silva-Campos.

(3) Each payment required by ¶¶(2)(A)-(G) above of this Consent Judgment and Consent Order shall be made by certified check or money order payable to the "Law Office of Robert J. Willis, P.A.".

The undersigned parties agree and stipulate that this Consent Order resolves all matters between defendants Shelton & Sons Farms, Inc. ("Shelton Farms") and Max T. Shelton, Jr. and plaintiff Yolanda Silva-Campos that are alleged in the plaintiff's Complaint that was filed in the above-captioned action, and the plaintiff's claims against all defendants are dismissed with prejudice.

This the 21 day of June, 2012.

_____
U.S. District Court Judge

/s/ Robert J. Willis
Robert J. Willis
NC Bar No. 10730
5 West Hargett Street
Suite 404
Raleigh, North Carolina 27601
Telephone: (919)821-9031
Facsimile: (919)821-1763
e-mail: rwillis@rjwillis-law.com
Co-counsel for Plaintiff

/s/ Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561)582-3921
Facsimile: (561)582-4884
e-mail: greg@floridalegal.org
Co-counsel for Plaintiff

CONSENTED TO BY:

_____
Max T. Shelton, Jr.

Date: 5/8/12

_____
Representative of Shelton & Sons,
Farms, Inc.
Inc.

Date: 5/8/12

/s/ William C. Robinson
William C. Robinson
NC Bar No. 17584
ROBINSON ELLIOTT & SMITH
PO Box 36098
800 East Blvd., Suite 100
Charlotte, NC 28236-6098
704-343-0061
704-373-0290 fax
srobinson@reslawfirm.net
Co-counsel for Defendants

/s/ Michelle Rippon
Michelle Rippon
NC Bar No. 10018

mrippon@constangy.com
Constangy, Brooks & Smith, LLP
84 Peachtree Road, Suite 230
Asheville, NC 28803
(828) 277-5137
(828) 277-5138 (facsimile)
Co-counsel for Defendants

CONSENTED TO BY:

_____
Yolanda Silva-Campos

Date: 05-09-12